IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Sanders, ) | C.A. No. 2:23-cv-06823-RMG-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Detective Matthew Downing, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This action has been filed by Plaintiff, who is proceeding pro se and in forma pauperis, alleging violations of his constitutional rights. ECF No. 9. Before the Court is Defendant's Motion to Dismiss. ECF No. 17. After the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to the Motion, Plaintiff filed a Response in Opposition. ECF No. 21. Defendant filed a Reply. ECF No. 25. The Motion is ripe for review.[1]

For the reasons set forth below, the undersigned recommends that the Motion be granted, in part, and denied, in part.

**LEGAL STANDARD**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)); *see Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), D.S.C., this matter has been assigned to the undersigned for all pretrial proceedings. This Report and Recommendation is entered for review by the District Judge.

1

the applicability of defenses."). Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not analogous to a "probability requirement," rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Additionally, pro se filings are to be "liberally construed" and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). This "[l]iberal construction of the pleadings is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (citation omitted); *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (noting "we are obliged to construe [a complaint's] allegations liberally and with the intent of doing justice"). However, the Court "need not accept the [plaintiff's] legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations and quotation marks omitted).

**DISCUSSION**

In his verified Amended Complaint, Plaintiff alleges that, in October of 2018, Defendant Downing arrested Plaintiff by giving false testimony in his affidavit to support an arrest warrant for murder when he had no evidence to support his testimony. ECF No. 9 at 2, ¶ 1. The charge of murder was eventually dismissed. *Id.* at 3, ¶ 5. Plaintiff has sued Defendant Downing in his individual capacity for violation of his constitutional rights, pursuant to 42 U.S.C. § 1983, and for defamation and malicious prosecution. ECF No. 9 at 9, II.B.

Defendant moves to dismiss Plaintiff's Complaint, arguing he has failed to state a claim upon which relief can be granted. *See generally* ECF No. 17-1.

**A. Federal Claim: 42 U.S.C. § 1983**

Plaintiff's first claim is against Defendant Downing in his individual capacity under 42 U.S.C. § 1983. ECF No. 9 at 7, 9. For purposes of a cause of action under 42 U.S.C. § 1983, Plaintiff must allege: (1) the violation of a right protected by the Constitution or laws of the United States, and (2) that the defendant was acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Mallory v. Holdorf*, C/A No. 3:11-03295-MBS, 2012 WL 4479070, at *4 (D.S.C. Sept. 28, 2012) (explaining that "42 U.S.C. § 1983 is the vehicle by which individuals make legal claims for violations of their federal rights"). Plaintiff has alleged that Defendant Downing, an officer with the Berkeley County Sheriff's Department, maliciously prosecuted him, in violation of his Fourth and Eighth Amendment rights.[2] ECF No. 9 at 9, II.B.

---

[2] The Eighth Amendment is inapplicable, as Plaintiff was not a convicted prisoner at the relevant time. *See Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977). Moreover, when an unreasonable seizure, arrest, or prosecution is alleged, such a claim is governed by the Fourth Amendment. *Mallory*, 2012 WL 4479070, at *4 (citing *Brooks v. City of Winston-Salem,* 85 F.3d 178, 183 (4th Cir. 1996)).

Defendant argues that Plaintiff's claim should be dismissed because he has not identified any facts sufficient to support his claim and that "mere opinion and speculation" is not sufficient to support a claim for malicious prosecution. ECF No. 17-1 at 7. He contends that the allegation of a "malicious intent" is not supported by any factual allegation in the Amended Complaint. *Id.* at 7–8. Defendant also argues that Plaintiff "has not asserted that Downing included false information" in the arrest warrant affidavit.[3] *Id.* at 7.

However, the Amended Complaint contains specific allegations that Defendant Downing knowingly gave false testimony in his affidavit stating that Plaintiff committed murder, knowing that he had no evidence to support the claim. ECF No. 9 at 2, ¶ 1. Plaintiff alleges that Defendant swore out the warrant "in bad faith with no probable cause." *Id.* at 3, ¶ 8. Moreover, Plaintiff alleges that the charge of murder was eventually dismissed because of lack of evidence against Plaintiff. *Id.* at 3, ¶ 5.

Allegations that an officer seized a plaintiff "pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a § 1983 malicious prosecution claim alleging a seizure that was violative of the Fourth Amendment." *Brooks*, 85 F.3d at 183–84. Thus, at this stage in the litigation and viewing the allegations in the Amended Complaint in the light most favorable to Plaintiff, a pro se litigant, these allegations are sufficient to state a claim under § 1983 for malicious prosecution. *See Smith*, 589 F.3d at 738.

Defendant also argues that any claim for illegal search and seizure under the Fourth Amendment is barred by the statute of limitations, noting Plaintiff was arrested in October of 2018.

---

[3] Defendant also raises arguments regarding a buccal swab taken from Plaintiff pursuant to a search warrant. ECF No. 17-1 at 7. However, Plaintiff's claims do not appear to be premised on any such search warrant.

4

ECF No. 17-1 at 7. In making this argument, Defendant does not identify the statute of limitations for a claim of malicious prosecution under 42 U.S.C. § 1983, nor does he connect the proverbial dots and state when Plaintiff's lawsuit was filed or explain how he calculates the claim is untimely. Moreover, Defendant ignores that the statute of limitations for a § 1983 claim for malicious prosecution accrues when the proceedings against the plaintiff are terminated in his favor. *Brannon v. Blanton*, C/A No. 9:15-2434-CMC, 2016 WL 4232886, at *3 (D.S.C. Aug. 11, 2016) (citing *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 389–90 (4th Cir. 2014)).

The statute of limitations for a claim brought pursuant to § 1983 is three years, regardless of the underlying allegations of the § 1983 claim. *Brannon*, 2016 WL 4232886, at *2 (citing *Hamilton v. Middleton*, C/A No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003)). In the Amended Complaint, Plaintiff alleges that the proceedings terminated in his favor in January of 2021. ECF No. 9 at 3, ¶ 5. Thus, Plaintiff's claim for malicious prosecution, which was filed in December of 2023, was timely filed within three years of the date he alleges the underlying proceedings terminated in his favor.

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's claim under 42 U.S.C. § 1983 should be denied.

**B. State Law Claims: Malicious Prosecution and Defamation**

Defendant argues he is not the proper defendant in this action and that the Berkeley County Sheriff's Office, as his employer, should be substituted. ECF No. 17-1 at 2–3. He also argues that, regardless, the statute of limitations bars Plaintiff's state law claims. *Id.* at 5–6.

According to Defendant, the South Carolina Tort Claims Act ("SCTCA") governs these two state law claims because it "constitutes the exclusive remedy for any tort committed by an employee of a governmental entity." S.C. Code Ann. § 15-78-70(a). Pursuant to the SCTCA, a

5

person bringing an action against a governmental entity "shall name as a party defendant only the agency or political subdivision for which the employee was acting" and, if the employee is individually named, "the agency or political subdivision for which the employee was acting must be substituted as the party defendant." S.C. Code Ann. § 15-78-70(c); *see also Faile v. S.C. Dep't of Juv. Just.*, 566 S.E.2d 536, 543 (S.C. 2002) (holding that S.C. Code Ann. § 15-78-70(c) requires that "only the entity employing the employee whose act gives rise to the claim may be sued").

However, Defendant has omitted the remainder of section 15-78-70(a), which provides: "An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)." S.C. Code Ann. § 15-78-70(a). Similarly, in its policy statement, the SCTCA provides the "exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents *except as provided in Section 15-78-70(b)*." S.C. Code Ann. § 15-78-20(b) (emphasis added). Subsection (b) provides: "Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70(b). Thus, "to the extent an individual is sued in their individual capacity (such as in this case), government employees are immune from suit under the SCTCA unless they (1) acted outside the scope of employment; or (2) committed actual fraud or acted with actual malice, intent to harm, or committed a crime involving moral turpitude." *McDowell v. S.C. Dep't of Pub. Safety*, No. 4:23-CV-00220-JD-KDW, 2024 WL 4036833, at *6 (D.S.C. Sept. 4, 2024) (denying summary judgment to individual government employee defendant on state malicious prosecution claim).

6

The South Carolina Court of Appeals has stated that "actual malice" as used in the SCTCA refers to "common law actual malice" as opposed to implied or inferred malice. *Pettigrew v. S.C. Dep't of Mental Health*, C/A No. 3:21-2488-MGL-PJG, 2022 WL 410070, at *4 (D.S.C. Jan. 26, 2022) (citing *McBride v. Sch. Dist. of Greenville Cnty.*, 698 S.E.2d 845, 855 (S.C. Ct. App. 2010) (defining "actual malice" under the SCTCA as acting out of "spite, revenge, or with a malignant disposition," and finding that a malicious prosecution claim against a governmental agency is not barred by the SCTCA just because it includes an element of implied or inferred malice); *Swicegood v. Lott*, 665 S.E.2d 211, 214 (S.C. Ct. App. 2008) (stating that "[a]ctual malice . . . refers to common law actual malice, and has been defined by situations where 'defendant was actuated by ill will in what he did, with the design to causelessly and wantonly injure the plaintiff'")), *report and recommendation adopted*, C/A No. 3:21-02488-MGL, 2022 WL 407421 (D.S.C. Feb. 10, 2022).

Therefore, claims against an employee of a governmental agency for torts that include the elements of actual malice or intent to harm are not maintained against the governmental agency under the SCTCA, but rather are pursued privately against the individual employee. *Brown v. Leonard*, No. 2008-UP-039, 2008 WL 9832870, at *2–3 (S.C. Ct. App. Jan. 11, 2008); *see also Pettigrew*, 2022 WL 410070, at *2–4 (addressing when governmental agency is immune from suit under the SCTCA for employee torts that include elements of malice).

1. Malicious Prosecution

Plaintiff has asserted a state law claim against Defendant for malicious prosecution. The elements of malicious prosecution are: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and

7

(6) resulting injury or damage. *Yost v. City of Charleston*, C/A No. 2:09-cv-2024-RMG, 2010 WL 11643356, at *5 (D.S.C. Oct. 22, 2010) (citing *Law v. S.C. Dep't of Corr.*, 629 S.E.2d 642, 648 (S.C. 2006)). The "malice" element of this claim is implied malice, which does not necessarily waive Defendant's immunity from suit under the SCTCA. *See id.* at *6 (citing *McBride,* 698 S.E.2d at 855) (differentiating between claims with implied or inferred malice and actual malice). Instead, one must look to the specific allegations in the Amended Complaint to determine whether "actual malice" has been pled, triggering S.C. Code Ann. § 15-78-70(b) and subjecting Defendant to suit.

Here, Plaintiff has alleged that Defendant acted with "actual malice," i.e. a "malignant disposition" or "ill will" toward Plaintiff. Specifically, Plaintiff alleges that Defendant maliciously prosecuted him, including that Defendant had a discriminatory intent toward Plaintiff, because he is black, and acted in bad faith. ECF No. 9 at 2, ¶¶ 1–2. As pled, Plaintiff's malicious prosecution claim includes allegations of common law actual malice, which falls under the provisions of S.C. Code Ann. § 15-78-70(b). Because the SCTCA does not afford immunity for individual employees under these circumstances and allows private actions against tortfeasors alleged to have acted with actual malice, Defendant's Motion should be denied.

Defendant also argues that this cause of action should be dismissed based upon the statute of limitations, relying upon the two-year statute of limitations for claims brought under the SCTCA. ECF No. 17-1 at 6. However, based upon the allegations in the Amended Complaint, the claim, as pled, falls outside of the SCTCA. *See* S.C. Code Ann. § 15-78-70(b). The statute of limitations for a malicious prosecution action under South Carolina law is three years. *See* S.C. Code Ann. § 15-3-530(5) (stating the statute of limitations for "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law" is three years). And, as with Plaintiff's § 1983 claim for malicious prosecution, one element

8

necessary to maintain an action for malicious prosecution under state law is that the judicial proceedings be terminated in the plaintiff's favor. *Peirce v. Bryant*, C/A No. 4:14-CV-2927-BHH-TER, 2016 WL 11410276, at *4 (D.S.C. Feb. 1, 2016) (citing *Law*, 629 S.E.2d at 648), *report and recommendation adopted*, C/A No. 4:14-2927-BHH, 2016 WL 1061060 (D.S.C. Mar. 17, 2016), *aff'd sub nom. Pierce v. Bryant*, 674 F. App'x 323 (4th Cir. 2017). Accordingly, Plaintiff's claim for malicious prosecution did not accrue until the judicial proceedings terminated in his favor.

As set forth above, Plaintiff alleges that the proceedings terminated in his favor in January of 2021. ECF No. 9 at 3, ¶ 5. Thus, Plaintiff's claim for malicious prosecution, which was filed in December of 2023, was timely filed within three years of the date he alleges the underlying proceedings terminated in his favor.

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's state law claim for malicious prosecution should be denied.

2. Defamation

Plaintiff's defamation claim is based upon the allegation that Defendant "defamed [Plaintiff's] character by having defamatory comments [ ] published in the local news that [Plaintiff] was charged with murder." ECF No. 9 at 3, ¶ 6. As pled, this claim is, at best, for defamation per se, which implies malice in law. *See Yost*, 2010 WL 11643356, at *5 (citing *Jones v. Garner*, 158 S.E.2d 909, 913–14 (S.C. 1968)). However, as noted above, implied malice is not sufficient to fall under the provisions of S.C. Code Ann. § 15-78-70(b), allowing suit against the individual employee. There are no allegations in the Amended Complaint pertaining to Plaintiff's defamation claim that indicate Defendant acted with actual malice.

Without allegations of actual malice or malice in fact, Plaintiff's defamation claim does not fall under the provisions of S.C. Code Ann. § 15-78-70(b), such that Defendant is immune

9

from suit for this claim under the SCTCA. *Cf. Yost*, 2010 WL 11643356, at *4 (citing *Griffin v. Edgefield Cnty. Council*, C/A No. 6:97-00001-13AK, 1998 WL 34193621, at *4 (D.S.C. May 21, 1998) (concluding the plaintiff's defamation claim against the governmental agency was barred under the SCTCA because "[b]y her own allegations, plaintiff asserts the alleged defamation here was uttered with actual malice and with intent to harm"); *Gause v. Doe*, 451 S.E.2d 408, 409 (S.C. Ct. App. 1994) (upholding the trial court's dismissal of a public official's slander claim against the police department because the plaintiff would have to prove actual malice, and under the SCTCA, a governmental entity is not liable for a loss that results from employee conduct which constitutes actual malice)). Accordingly, the Berkeley County Sheriff's Department, the governmental agency that employs Defendant, should be substituted as the defendant for this claim. *See* S.C. Code Ann. § 15-78-70(c).

Regardless, however, Plaintiff's state law claim for defamation is barred by the applicable two-year statute of limitations. Under the SCTCA and South Carolina law, the statute of limitations for a defamation claim is two years from the date the cause of action accrued. *See* S.C. Code Ann. § 15-3-550; *see also* S.C. Code Ann. § 15-78-110 (noting that under the SCTCA, there is a two-year statute of limitations period).

Plaintiff alleges that the defamation is ongoing because the accusation of murder has been "republished" and "has not been taken down and creates a continuing wrong." ECF No. 9 at 3, ¶ 7. However, those allegations do not alter the fact that this cause of action accrued on the date the defamatory statement was first made. A defamation cause of action accrues on the date the defamatory statement is made. *Harris v. Tietex Int'l Ltd.*, 790 S.E.2d 411, 416 (S.C. Ct. App. 2016) (citing *Jones v. City of Folly Beach*, 483 S.E.2d 770, 775 (S.C. Ct. App. 1997)). Here, the alleged defamatory statement occurred around the time of Plaintiff's arrest in October 2018, but Plaintiff

did not file this action until over five years later in December 2023. *See* ECF No. 9 at 2–3, ¶¶ 3–7. Thus, Plaintiff's defamation claim is barred by the applicable statute of limitations. Accordingly, the undersigned recommends granting Defendant's Motion to Dismiss the defamation cause of action.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 17) be **GRANTED** as to Plaintiff's defamation claim and **DENIED** as to Plaintiff's claims for malicious prosecution under 42 U.S.C. § 1983 and under South Carolina law.

**IT IS SO RECOMMENDED.**

The parties are referred to the Notice Page attached hereto.

Molly H. Cherry
United States Magistrate Judge

October 10, 2024
Charleston, South Carolina

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).