IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Sanders, ) | C.A. No. 2:23-cv-06823-RMG-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Detective Matthew Downing, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff filed this action pro se, alleging a federal claim for malicious prosecution, pursuant to 42 U.S.C. § 1983, and state law claims for malicious prosecution and defamation.[1] ECF No. 9. Before the Court is Plaintiff's Motion for a Preliminary Injunction. ECF No. 26. Defendant filed a Response in Opposition, ECF No. 27, and Plaintiff filed a Reply, ECF No. 31. The Motion is ripe for review.[2] For the reasons set forth below, the undersigned recommends that the Motion be denied.

**LEGAL STANDARD**

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (internal quotation marks omitted) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)). The decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps*

---

[1] The undersigned has recommended that Plaintiff's defamation claim be dismissed. *See* ECF No. 35.
[2] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), DSC, the undersigned is authorized to review petitions for injunctive relief and submit findings and recommendations to the District Judge.

1

*& Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

## DISCUSSION

In his Motion, Plaintiff seeks access to the "legal phone which is up front in booking" at the Hill Finklea Detention Center for purposes of making private communications with a lawyer or paralegal. ECF No. 26 at 1–2. However, Plaintiff is not entitled to the injunctive relief he seeks because the wrong or wrongs that Plaintiff's requested injunctive relief would protect against fall outside the scope of the Amended Complaint, which alleges a federal and state law claim for malicious prosecution. *See* ECF No. 9.

A "party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Bessellieu* v. *Hollis*, C/A No. 8:20-cv-03189-MGL-JDA, 2021 WL 1299565, at *3 n.4 (D.S.C. Feb. 22, 2021) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint." *Martin v. Stokes*, C/A No. 8:17-3391-MGL-JDA, 2017 WL 6888826, at *2 (D.S.C. Dec. 20, 2017), *report and recommendation adopted*, 2018 WL 368962 (D.S.C. Jan. 11, 2018). "Thus, a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Id.* Although Plaintiff has submitted copies of grievances regarding his inability to access the legal phone in support of his Motion, ECF No. 26-2, the grievances do not have anything to do with the allegations of malicious prosecution or defamation, as alleged in the Amended Complaint. Accordingly, Plaintiff's Motion should be denied on this basis alone.

Moreover, Plaintiff seeks an order restraining or enjoining actions at the Hill Finklea Detention Center by Major Crumley, Randy Demory and Defendant Downing. ECF No. 26 at 6. Plaintiff contends that Major Crumley told "all staff" not to let inmates use the legal phone. *Id.* at 1. However, neither the Hill Finklea Detention Center, nor the Berkeley County Sheriff's Office, Major Crumley or Randy Demory are parties to this action. Generally, "a court may not enter an injunction against a person who has not been made a party to the case before it." *Pew v. Wetzel*, No. 3:12-CV-1984, 2015 WL 10474859, at *4 (M.D. Pa. Oct. 30, 2015) (quoting *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996)), *report and recommendation adopted*, No. 3:12-CV-1984, 2016 WL 948878 (M.D. Pa. Mar. 14, 2016); *see also Abdullah-Malik v. Bryant*, C/A No. 1:14-cv-109-RBH, 2015 WL 225740, at *3 (D.S.C. Jan. 16, 2015) ("[T]o the extent [Plaintiff] seeks to enjoin persons who are not parties to this lawsuit, Plaintiff's motion is improper."); *U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, LLC*, 523 F. Supp. 2d 328, 334 (S.D.N.Y. 2007) (denying defendant's motion for a preliminary injunction against the Federal Energy Regulatory Commission because it was not a party to the suit and it was not an "officer, agent, servant, employee, or attorney" of any party). Accordingly, to the extent Plaintiff seeks to enjoin persons who are not parties to this lawsuit, the Motion should be denied.

Additionally, as to Defendant Downing, Plaintiff has not established that he is entitled to injunctive relief. A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Id.* at

22. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Id.* at 20–23. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Id.* at 24.

Notwithstanding that Plaintiff's Amended Complaint does not contain any allegations regarding access to the legal phone, Plaintiff has not shown that he can satisfy the test articulated in *Winter*. Plaintiff admits that he is representing himself, such that he is not seeking to speak with an attorney but, instead, he is seeking to communicate with his mother, who acts as his paralegal. ECF No. 31 at 1. Plaintiff has not pointed to any legal authority to support that his conversations with his mother are protected by the attorney-client privilege. Moreover, Defendant provided an affidavit establishing that Plaintiff received disciplinary action after he was given access to the unmonitored "legal phone" and was found to have called some friends for reasons unrelated to litigation. ECF No. 27-1 at ¶¶ 3, 6–7. Plaintiff admits to having called other, non-lawyer numbers. ECF No. 31 at 3–4. Under these circumstances, Plaintiff cannot establish that he is likely to succeed on the merits of his claim, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tip in his favor, or that an injunction is in the public interest.

## RECOMMENDATION

Based upon the foregoing, it is **RECOMMENDED** that Plaintiff's Motion for a Preliminary Injunction (ECF No. 26) be **DENIED**.

**IT IS SO RECOMMENDED.**

The parties are referred to the Notice Page attached hereto.

October 10, 2024  
Charleston, South Carolina

Molly H. Cherry  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).