# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Richard Sanders,<br><br>        Plaintiff,<br>  v.<br><br>Detective Matthew Downing,<br><br>        Defendant. | Case No. 2:23-cv-06823-RMG<br><br>**ORDER AND OPINION** |

     Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending Plaintiff's motion for a preliminary injunction be denied. (Dkt. No. 37). Defendant objected to the motion (Dkt. No. 27), and Plaintiff filed a reply (Dkt. No. 31). Plaintiff is acting pro se and did not file objections to the R&R. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and denies Plaintiff's motion for preliminary injunction. (Dkt. No. 26).

**I.    Background**

     Plaintiff Richard Sanders alleges that in October 2018, Defendant Detective Matthew Downing arrested Plaintiff by giving false testimony in his affidavit to support an arrest warrant for murder when he had no evidence to support his testimony. (Dkt. No. 9 at 2). The charge was dismissed, and Plaintiff sued Defendant in his individual capacity for violation of his constitutional rights, pursuant to 42 U.S.C. § 1983, and for defamation and malicious prosecution. (Dkt. No. 9 at 9, II.B). While in custody at the Hill Finklea Detention Center, Plaintiff filed a motion for preliminary injunction, seeking access to the "legal phone which is up front in booking" for purposes of making private communications with a lawyer or paralegal. (Dkt. No. 26 at 1–2).

## II.     Legal Standard

### A. Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Motion for Preliminary Injunction

"The standard for granting a temporary restraining order or a preliminary injunction is the same." *Cricket Store 17, LLC v. City of Columbia*, 996 F. Supp. 2d 422, 427 (D.S.C. 2014). Importantly, "[a] district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997). It follows that district courts should not grant temporary restraining orders when

the temporary restraining order "deals with a matter lying wholly outside of the issues in the suit." *Id.*

The reasoning for this rule is straightforward: "Ex parte temporary restraining orders... should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Thus, when a party moves for a temporary restraining order on an issue outside of the suit, the underlying purpose of the temporary restraining order is absent.

### III.    Discussion

Upon review of the record and case law in this Circuit, the Magistrate Judge determined that Plaintiff's motion for preliminary injunction be denied because the wrongs that Plaintiff's requested injunctive relief would protect against fall outside the scope of the Amended Complaint, which states claims for malicious prosecution and defamation.

The Court finds that the Magistrate Judge correctly analyzed whether Plaintiff's motion for preliminary injunction sufficiently established "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Bessellieu v. Hollis*, 2021 WL 1299565, at *3 n.4 (D.S.C. Feb. 22, 2021) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). As the Magistrate Judge noted, Plaintiff's grievances regarding his inability to access the legal phone does not have anything to do with the allegations of malicious prosecution or defamation in the Amended Complaint. This reason alone is enough to deny Plaintiff's motion.

Further, the Magistrate Judge correctly found that Plaintiff's motion, seeking to enjoin Major Crumly and Randy Demory, should be denied as they are not parties to this lawsuit. (Dkt. No. 26 at 6).

Finally, the Magistrate Judge correctly found that Plaintiff has not established that he is entitled to injunctive relief under the test established in *Winter v. Nat. Res. Def. Council, Inc.* In *Winter*, the Supreme Court explained that a plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. 555 U.S. 7, 20 (2008). The Court agrees with the Magistrate Judge's analysis that Plaintiff failed to establish that he is likely to succeed on the merits of his claim, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tip in his favor, or that an injunction is in the public interest. (Dkt. No. 26).

### IV.   Conclusion

In light of the foregoing, the Court adopts the R&R as the order of the Court (Dkt. No. 37) and **DENIES** Plaintiff's motion for preliminary injunction (Dkt. No. 26)**.**

**AND IT IS SO ORDERED.**


 s/Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

November 5, 2024  
Charleston, South Carolina