**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Richard Sanders,<br><br>        Plaintiff,<br>   v.<br><br>Detective Matthew Downing,<br><br>        Defendant. | Case No. 2:23-cv-06823-RMG<br><br>**ORDER AND OPINION** |

     Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending Defendants' motion to dismiss be granted in part and denied in part. (Dkt. No. 35). Plaintiff, a pro se litigant, did not file objections to the report. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and grants in part and denies in part Defendants' motion to dismiss. (Dkt. No. 17).

**I.    Background**

     Plaintiff Richard Sanders alleges that in October 2018, Defendant Detective Matthew Downing arrested Plaintiff by giving false testimony in his affidavit to support an arrest warrant for murder when he had no evidence to support his testimony. (Dkt. No. 9 at 2). The charge was dismissed, and Plaintiff sued Defendant in his individual capacity for violation of his constitutional rights, pursuant to 42 U.S.C. § 1983, and for defamation and malicious prosecution. (Dkt. No. 9 at 9, II.B). Defendant filed a motion to dismiss, arguing Plaintiff failed to state a claim upon which relief can be granted. (Dkt. No. 17-1). Plaintiff filed a response (Dkt. No. 21), and Defendant filed a reply (Dkt. No. 25).

## II. Legal Standard

### A. Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court

must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.    Discussion

Upon review of the record and case law in this Circuit, the Magistrate Judge determined that Defendant's motion to dismiss be denied as to Plaintiff's claims for malicious prosecution under 42 U.S.C. § 1983 and under South Carolina law and granted as to Plaintiff's defamation claim.

**A. Federal Claim: 42 U.S.C. § 1983**

To properly bring a cause of action under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a right protected by the Constitution or laws of the United States, and (2) that the defendant was acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Mallory v. Holdorf*, 2012 WL 4479070, at *4 (D.S.C. Sept. 28, 2012) (explaining that "42 U.S.C. § 1983 is the vehicle by which individuals make legal claims for violations of their federal rights").

The Court agrees with the Magistrate Judge that Plaintiff has sufficiently alleged facts necessary to state a claim under § 1983 for malicious prosecution. (Dkt. No. 35; *see also* Dkt. No. 9)

The Magistrate Judge also correctly found that Plaintiff's claim for malicious prosecution was timely because it was filed within three years of Plaintiff's proceedings terminating in his favor.

For the foregoing reasons, Defendant's motion to dismiss for failure to state a claim as to Plaintiff's § 1983 claim is denied.

**B. State Law Claims: Malicious Prosecution and Defamation**

The Magistrate Judge found that, contrary to Defendant's contention, Defendant is the proper defendant in this action and that his employer, the Berkely County Sheriff's Office, should not be substituted. The Magistrate Judge also correctly found that Plaintiff's malicious prosecution claims are not barred by the statute of limitations, and that Plaintiff's defamation claim is barred by the statute of limitations.

1. Malicious Prosecution

The elements of malicious prosecution are: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage. *Yost v. City of Charleston*, 2010 WL 11643356, at *5 (D.S.C. Oct. 22, 2010) (citing *Law v. S.C. Dep't of Corr.*, 629 S.E.2d 642, 648 (S.C. 2006)).

The Magistrate Judge correctly concluded that Plaintiff has sufficiently stated a state claim for malicious prosecution. The Court also agrees with the Magistrate Judge's finding that, pursuant to the South Carolina Tort Claims Act ("SCTCA"), Defendant Downing is the correct defendant to sue.

The statute of limitations for a malicious prosecution action under South Carolina law is three years. *See* S.C. Code Ann. § 15-3-530(5) (stating the statute of limitations for "an action for

assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law" is three years). Because Plaintiff's proceedings terminated in his favor in January 2021, the Magistrate Judge correctly concluded that Plaintiff's claim for malicious prosecution, filed December 2023, was timely.

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's state law claim for malicious prosecution is denied.

### 2. Defamation

Under the SCTCA and South Carolina law, the statute of limitations for a defamation claim is two years from the date the cause of action accrued. *See* S.C. Code Ann. § 15-3-550; *see also* S.C. Code Ann. § 15-78-110 (noting that under the SCTCA, there is a two-year statute of limitations period). The Magistrate Judge correctly found that Plaintiff's cause of action accrued approximately October 2018, and therefore Plaintiff's defamation claim is barred by the applicable two-year statute of limitations. Defendant's motion to dismiss the defamation claim is granted.

### IV. Conclusion

In light of the foregoing, the Court adopts the R&R as the order of the Court (Dkt. No. 35), and **GRANTS** Defendant's motion to dismiss (Dkt. No. 17) as to Plaintiff's defamation claim and **DENIES** the motion as to Plaintiff's claims for malicious prosecution under 42 U.S.C. § 1983 and under South Carolina law.

**AND IT IS SO ORDERED.**

                                               s/ Richard M. Gergel
                                               Richard Mark Gergel
                                               United States District Judge

November 5, 2024
Charleston, South Carolina