# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Richard Sanders,<br><br>    Plaintiff,<br>  v.<br><br>Detective Matthew Downing,<br><br>    Defendant. | Case No. 2:23-cv-06823-RMG-MHC<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant Defendant's Motion for Summary Judgment (Dkt. No. 62) and deny Plaintiff's Motion for Summary Judgment (Dkt. No. 72). (Dkt. No. 82). Plaintiff filed objections to the R&R (Dkt. No. 86), and Defendant filed a reply (Dkt. No. 87). For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

## I.   Background

Plaintiff, proceeding pro se, brings claims under 42 U.S.C. § 1983 for alleged violations of his Fourth and Fourteenth Amendment rights based on an alleged lack of probable cause in connection with his arrest and prosecution. Plaintiff also asserts a malicious prosecution claim under South Carolina law.

By way of background, on October 23, 20218, Berkeley County Sheriff's Office detectives, including Defendant, were summoned to a vehicle in which the deceased body of a man, Richard Patterson, was found in the trunk of the vehicle.  Two witnesses, Elizabeth Still and Harry Driggers, described seeing a black man at the residence of John Bisset, which was located near where the body was found.  They reported that John Bisset was inside the residence

with this unidentified man and could probably identify him.  They also told the detectives that the Bisset residence often had a fire burning in the yard.

The detectives learned that the vehicle in which the victim was found was sold to Leo Shaw, the Plaintiff's father.  When interviewing Mr. Shaw, the Plaintiff was present and told the detectives that the car was sold to the victim, Richard Patterson, about a month prior.

The detectives then spoke to John Bisset.  Although Bisset initially denied any knowledge, he ultimately stated to the detectives that a black man had come to his home a few days earlier and offered him $50.00 for a change of clothes.  Bisset stated that the man's clothes appeared to have blood on them and that the man was acting suspiciously.  Bissett told the detectives that he provided the man a change of clothes and that the man burned the blood-stained clothes in a burn pit in the witness' yard.  The witness was provided a photo lineup, and the Bisset picked Plaintiff out of the lineup.

Based on the statements of the three witnesses and the proximity of the Bisset residence to where the body was found, Defendant prepared an affidavit to obtain an arrest warrant charging Plaintiff with the murder of Richard Patterson.  Defendant's affidavit reported the information provided by Bisset (referred to as Witness B) that "the defendant came to him around 10/21/18 and asked to by a change of clothing and burned the clothes he was wearing, which appeared to have blood on them."  (Dkt. No. 62-6 at 2).  The state magistrate signed the arrest warrant charging Plaintiff with murder. (Dkt. No. 62-6 at 1-3).

Shortly after Plaintiff's arrest, detectives continued to investigate the murder of Richard Patterson.  Another witness, Donald Matthews, who also a resident at the Bisset residence, identified Plaintiff in a photo lineup as a man who came to the residence and asked for a change of clothes.  Further, a receipt from a nearby IGA store was found in the vehicle which led detectives

2

to pursue surveillance tape from the IGA store. The surveillance tape showed Plaintiff and the victim together near the time of the murder. The investigation was then turned over to the Solicitor's Office and Defendant was no longer involved in the case.

Plaintiff denied any involvement in the murder of Richard Patterson, who he described as a friend. He alleged that Defendant was out to get him and knew he was innocent. After carefully reviewing the full record, the Magistrate Judge found that Plaintiff has identified no evidence that "Defendant intentionally or with reckless disregard for the truth made materially false statements, lied to, or otherwise misled anyone in his affidavit supporting the arrest warrant for Plaintiff." (Dkt. No. 82). Plaintiff further argued that subsequently received DNA evidence, which did not include evidence of Plaintiff's DNA, should have been performed before he was arrested.

The murder charge against Plaintiff was nol prossed, and he pled guilty on May 16, 2025 to Failure to Stop for a Blue Light, Domestic Violence, and Unlawful Sale of Weapons and was given a three year sentence. (Dkt. No. 87 at 1). On May 28, 2025, he filed objections "to the entirety" of the R & R of the Magistrate Judge, including all footnotes. (Dkt. No. 86). Plaintiff continues to assert Defendant had no evidence upon which to base his arrest affidavit and was motivated by ill will toward him. However, he offers no evidence to support this oft repeated allegation.

## II.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the

3

Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

III. Discussion

The R & R first addressed Plaintiff's claim against Defendant for malicious prosecution under 42 U.S.C. § 1983. The Magistrate Judge correctly stated that a § 1983 claim for malicious prosecution requires a showing that Plaintiff's seizure (arrest) was without probable cause. Probable cause to justify an arrest must be based on facts and circumstances within the officer's knowledge "sufficient to warrant a prudent person, or one of reasonable caution, in believing, under the circumstances shown, that the suspect has committed . . . an offense. *Porter v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998). Probable cause is not a high bar. It requires more than "bare suspicion, but less than the evidence necessary to convict" and is based on a totality of circumstances. *Id.*; *Illinois v. Gates*, 462 F.3d 213, 238 (1983). Further, a reasonable officer need not resolve every doubt about a suspect's guilt before probable cause is established. *Torchinsky v. Siwinsky*, 942 F.2d 257, 264 (4th Cir. 1991).

The Magistrate Judge, after carefully analyzing the facts then known to Defendant, concluded that Defendant had probable cause to arrest Plaintiff. Defendant had an eyewitness who identified Plaintiff from a photo lineup as a man who had come to his home near the time of the victim being found with blood-soaked cloths and requested to purchase replacement clothes for $50.00. The witness, John Bisset, also told the Defendant that Plaintiff burned the bloody

clothes in a fire pit in the yard. Two other witnesses told Defendant that they had seen an unknown man fitting Plaintiff's description going into Bisset's home and stated Bisset could identify him, which he subsequently did. These facts led the Magistrate Judge to find that "the facts and circumstances known to Defendant at the time are sufficient to warrant a prudent person to believe that Plaintiff committed the crime of murder." (Dkt. No. 82 at 12).

The Magistrate Judge also carefully analyzed the statements in the Defendant's affidavit that implicated Plaintiff and found no materially false statements or omissions. She also found that Defendant did not show any reckless disregard for the truth. The Magistrate Judge further noted that simply because subsequently developed facts led the Solicitor not to pursue the murder prosecution did not negate the fact that at the time of the arrest Defendant had probable cause.

Having found Defendant had probable cause at the time he prepared the affidavit to support the arrest, the Magistrate Judge correctly concluded that there is also no basis for the state law claim of malicious prosecution and that Defendant is entitled to qualified immunity. Based on these findings, the Magistrate Judge correctly concluded that Defendant is entitled to summary judgment on the state and federal malicious prosecution claims and is entitled to qualified immunity.

Like the Magistrate Judge, this Court has sympathy with Plaintiff's sense of unfairness with being charged with a crime that was later dismissed. But a claim of malicious prosecution must be based on a finding that there was no probable cause, and the facts known to Defendant at the time of the arrest of Plaintiff support a finding of probable cause.

## IV.   Conclusion

The Court adopts the R & R of the Magistrate Judge as the Order of the Court. (Dkt. No. 82).  Defendant's motion for summary judgment (Dkt. No. 62) is **GRANTED**, Plaintiff's motion for summary judgment (Dkt. No. 72) is **DENIED**, and this action is dismissed.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

June 16, 2025  
Charleston, South Carolina